(91 Misc. Rep. 1)

### KOSSOFF v. KUPFERBERG et al.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. TRIAL ⬅⮕143—QUESTION FOR JURY—CONFLICT IN EVIDENCE.
Where the evidence is conflicting, the question is for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ⬅⮕143.]

2. EVIDENCE ⬅⮕380 — DOCUMENTARY EVIDENCE — AUTHENTICATION — X-RAY PICTURE.
Where a medical witness for plaintiff produced an X-ray blueprint, and, in reply to the question whether it correctly showed the position of the fingers in the palm of plaintiff's injured hand at the time of trial, said that it explained the reason of the deformities he had found, the admission of an X-ray blueprint to show the part of the hand injured, without other evidence that an X-ray picture was taken of plaintiff's hand or that the one produced was a picture of the hand, was incompetent and, in view of the verdict of $1,500, reversible error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1657; Dec. Dig. ⬅⮕380.]

Appeal from City Court of New York, Trial Term.

Ation by Joseph Kossoff against Simon Kupferberg and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Leonidas Dennis, of New York City (William Dike Reed, of New York City, of counsel), for appellants.

Isidore Apfel, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

<hr>

GUY, J. The action is to recover damages for personal injuries alleged to have been sustained through the defendants' negligence.

[1] On July 18, 1913, the plaintiff was pushing a peddler's cart in a westerly direction on Houston street, between Attorney and Clinton streets, and he claimed that while turning to the left, so as to get around a wagon which was standing alongside the northerly curb, defendants' wagon came behind him, struck the cart, causing it to swerve, so that his right hand was brought in contact with and crushed by the wagon. The testimony introduced on behalf of the defendants was that the plaintiff ran his cart into the wagon, and thus brought the injuries on himself. The conflicting evidence required the submission of the issues to the jury.

[2] The serious question in the case is whether reversible error was committed by the admission in evidence of a so-called X-ray blueprint of plaintiff's injured hand and testimony in relation to that paper. Dr. Nammack, called as a witness in behalf of the plaintiff, testified that he examined him March 18, 1915, one year and eight months after the accident, and stated the nature and extent of the injury. He also said that, with respect to the case, he consulted the records of Bellevue Hospital, to which the plaintiff was taken after the accident, and that he brought a paper with him, the X-ray blueprint, which was produced in court. Plaintiff's counsel then asked the witness if the blueprint correctly showed the position at the time of the trial of the fingers in the palm of plaintiff's hand; but instead of answering the question the witness replied, "That X-ray photograph explains the reason of the deformities I found." Over the defendants' exception the court refused to strike out the answer. The photograph was then offered and admitted in evidence "to show the jury in what part of the hand the injury occurred," as stated by the court, and the witness testified in more or less detail as to the injuries, with the assistance of the picture. As the blueprint purported to show, not merely the location of the injury, but also its extent more or less, it is doubtful whether the limitation placed upon its admission in evidence by the trial justice could be effective. Plaintiff's counsel then asked the witness whether the photograph correctly showed, at the time of the trial, the situation or condition of plaintiff's hand and the relative position of the bones, which question was objected to, objection overruled, and exception taken; and the witness answered, "It corresponds to the deformities and disabilities I found."

Further than the testimony of the doctor that he consulted the records of Bellevue Hospital in regard to the case, there is no evidence either that an X-ray picture was taken of the plaintiff's hand or that the blueprint produced was a picture of the hand; and while perhaps it would have been proper for the witness to testify that the picture represented the position and condition of the bones at the time he made his examination, if as an expert and without the aid of the photograph he could so testify, the witness did not state that it was such representation, but that it "explains the reason of the de-

formities I found," and "corresponds to the deformities and disabilities I found."

The jury found a verdict in favor of plaintiff for $1,500, and it is probable that the amount of the verdict was influenced by this incompetent evidence.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.   All concur.